IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JODI RUSSELL,

    PLAINTIFF,

v.                                  CASE NO. CV-00-J-373-J

WALKER COUNTY, et al.,

    DEFENDANTS.

**ENTERED**

APR 25 2002

## MEMORANDUM OPINION

This cause comes before the court on the plaintiff's and defendant Walker County's cross-memoranda supplementing the defendant's motion for summary judgment and the plaintiff's response thereto, on the issue of whether the defendant Danny Robinson was a final policymaker for Walker County in his role as Director for Walker County/City of Jasper Narcotics Enforcement Team (NET), pursuant to the Eleventh Circuit Court of Appeals Opinion of February 26, 2002. *See* Opinion of the Eleventh Circuit, No. 01-11053, at 17. The court having considered the cross-memoranda of the parties, and the court having reconsidered its prior ruling denying Walker County's motion for summary judgment, the court finds that summary judgment is due to be granted in favor of Walker County, as defendant Robinson could not act as a final policymaker for the county.



The facts of this case as they relate to the plaintiff's allegations were set forth by the Eleventh Circuit in its opinion and the court does not repeat them in full here. However, the court does find the following facts relevant to the issue before it:

The NET was created by Walker County, the Walker County Sheriff's Department, the Walker County District Attorney's Office, the City of Jasper and other cities in Walker County in an effort to combat illegal substances and crime. *See* plaintiff's exhibit 2. It is not an agency of any one police department within Walker County or of the Walker County Sheriff's Department. The NET has its own source of funding. The grant application completed in 1999 shows the full name of the NET being the Walker County Commission Narcotics Enforcement Team. Plaintiff's exhibit 3. Officers from the Walker County Sheriff's Department and the Jasper Police force comprise the majority of NET agents. Tirey affidavit at ¶ 4.

Funding for the NET comes from the municipalities within Walker County, the county itself, and grants. Tirey affidavit at ¶5; plaintiff's exhibit 3, grant application document "Source of Match and Continuation Projection." The Walker County Commission is listed as the "applicant" in the grant documents. Plaintiff's exhibit 3, grant application. The NET is governed by a Board of Directors which is made up of the Sheriff of Walker County, the District Attorney of Walker County, the Jasper Police Chief; the Chairman of the Walker County Commission; the Mayor of Jasper,

2

and a Walker County judge. Tirey affidavit at ¶ 3. The day to day management of the NET is left to the Director of the NET, who is hired by the Board.[1] Tirey affidavit at ¶ 5.

Decisions regarding specific law enforcement functions, programs and activities are left to the discretion of the Director of the NET, with direction from the Jasper Police Chief and the Walker County Sheriff. Tirey affidavit at ¶ 7. Walker County paid the bills and salaries, and secured funding for the NET. Tirey affidavit at ¶ 7.

Defendant Robinson was hired as a deputy by Walker County in 1988. Robinson depo. at 9. He was then hired as Director of the NET in February, 1997. Robinson depo. at 10. At the time he was hired, no prior complaints regarding sexual misconduct had been made against defendant Robinson. Tirey affidavit at ¶ 10. The first indication of problems with Robinson's job performance was his arrest by the Federal Bureau of Investigation. Tirey affidavit at ¶ 12. Upon his arrest, Robinson immediately resigned his position as Director of the NET. Defendant Robinson, as Director, was "over the daily, day-to-day operations of the agents, make sure the financial part, the bills were paid and just kind of supervising the agents, basically." Robinson depo. at 12. He was acting as Director of the NET when he met with the plaintiff. Robinson depo. at 44.

---

[1] This position is also referred to as the "Chief of the Narcotics Enforcement Team." *See* Tirey affidavit at ¶¶ 5, 9.

The issue before this court is whether Robinson acted as a final policymaker for Walker County when he acted as Director of the NET.[2] The court finds scant case law which addresses whether the head of a task force primarily funded by and through a county can impose liability on that county for his allegedly wrongful actions. However, the law is clearly established that, under Alabama law, a sheriff cannot impose § 1983 liability on the county that employs him. Rather, the sheriff's department of any county in Alabama is an arm of the state.

The court cannot find that the NET and the Walker County Commission or Walker County were one and the same. Each officer of the NET was obligated to follow the policies and procedures manual of the NET, and those of their employing agency when the NET manual did not cover a situation. Policy and Procedure Manual at 10, submitted as plaintiff's exhibit 1. Whether governed by the NET policies, or by those of Walker County Sheriff's Department, defendant Robinson's alleged actions violated both applicable policy and state law. *See e.g.*, plaintiff's exhibit 1 at 11, affidavit of Tirey at ¶ 19.

While no argument is made that Robinson was not a final policymaker for the NET, no evidence in the record suggests he could make final policy decisions for

---

[2]Clearly, Robinson was a final policymaker for the NET. However, this entity cannot be found to be one and the same as the Walker County Commission as it is composed of a variety of officers from cities within the county as well sheriff deputies employed by the county.

4

Walker County. "The discretion to make final decisions to carry out policies of a local law enforcement entity does not equate to policymaking authority." *Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir.1995). A local government, such as Walker County, can only be held liable when its own official policies cause its employees to violate another person's constitutional rights. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 122, 108 S.Ct. 915, 923-24, 99 L.Ed.2d 107 (1988). Municipal liability will only attach "where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official– even a policymaking official – has discretion in the exercise of a particular function does not, without more, give rise to municipal liability based on an exercise of that discretion .... The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-483, 106 S.Ct. 1292, 1299-1300 (citations and footnotes omitted).

The plaintiff argues that Robinson was "a policymaker for the Walker County Narcotics Enforcement Team (NET) and thus the County." Plaintiff's memorandum in supplementation at 10. However, the court finds ample evidence, detailed above, that these entities were not one and the same, and the plaintiff has offered no evidence to support a finding otherwise. Additionally, the plaintiff has presented no evidence

that Walker County or the NET adopted a policy of allowing officers to trade illegal drugs for sexual favors. In fact, such actions were in direct contravention of the NET's policy prohibiting agents from allowing informants to commit illegal acts. Plaintiff's exhibit 1 at 29. Even assuming that Robinson had final decisionmaking authority for the NET, and that Robinson was a Walker County sheriff's deputy, the court cannot make the leap that Robinson was acting as a final decisionmaker for Walker County.

Policymaking authority may be granted by legislative enactment or delegated by an official who possesses such authority. *Pembaur*, 475 U.S. at 483, 106 S.Ct. at 1300. Whether an official has final decisionmaking authority is a matter of state law. *Praprotnik*, 485 U.S. at 123, 108 S.Ct. at 924. Even assuming that Robinson was a final decisionmaker for the NET, no evidence that Walker County allowed him to set policy for the county has been submitted.[3] Similarly, plaintiff argues, "Robinson abandoned the written policy of the NET..." Plaintiff's memorandum at 14. The court finds no evidence that the policies of the NET applied to Walker County and, as such, Robinson could not have abandoned the policy of Walker County. "[A] local

---

[3] In fact, the plaintiff argues that "[c]onsidering these facts in a light most favorable to the plaintiff, one could reasonably conclude that Robinson, as Director of the NET, was a final decisionmaker for Walker County's Narcotic Enforcement Team ..." Plaintiff's memorandum in supplementation at 12. However, the plaintiff then makes the leap that "the county is responsible for unconstitutional actions pursuant to decisions made by Robinson as Director ..." *Id.* The court is unable to find any legal basis to support this leap in liability.

government can only be liable under § 1983 for injuries which the government itself caused, *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, and causation necessarily implies control." *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1292 (11th Cir.1998).

Likewise, for the sake of argument, if the court assumes Robinson was a final decisionmaker for Walker County Sheriff's Department (which is not supported by any evidence), then under Alabama law, he was acting on behalf of the State of Alabama and not Walker County. *See McMillian v. Monroe County, Ala.*, 520 U.S. 781, 790, 117 S.Ct. 1734, 1739, 138 L.Ed.2d 1 (1997) (in Alabama, a county commission "cannot instruct the sheriff how to ferret out crime, how to arrest a criminal, or how to secure evidence of a crime."); *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1288 (11th Cir.1998); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir.2001) ("Alabama sheriffs are considered arms of the state ..."). The Court in *Turquitt* explained:

> Alabama's Constitution clearly denominates the sheriff as a member of the state's executive department. Ala. Const. of 1901, Art. V §112. The Alabama Supreme Court, construing Art. V § 112, as well as its legislative history, concluded that a sheriff is an executive officer of the state. *Parker v. Anderson*, 519 So.2d 442, 443 (Ala.1987). The court further held that because a sheriff is an executive officer, "a sheriff is not an employee of a county for the purpose of imposing liability on the county." *Id.* at 442; *see also Hereford v. Jefferson County*, 586 So.2d 209, 209 (Ala.1991).

*Turquitt*, 137 F.3d at 1288. The Court further noted that "an Alabama county's duty to pay the sheriff's salary "does not translate into control over him, since the county neither has the authority to change his salary nor the discretion to refuse payment completely." *Turquitt*, 137 F.3d at 1290, citing *McMillian*, – U.S. at –, 117 S.Ct. at 1740.

The court having considered the foregoing, and being of the opinion that summary judgment is due to be granted in favor of Walker County, the court finding no genuine issue of material fact, the court shall so rule by separate order and dismiss these claims with prejudice.

**DONE** and **ORDERED** this the 24 day of April, 2002.

_____
UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON